IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTONIO RODREGIS DUFF (AIS# 186551), | * * * * |
| Plaintiff, | * * |
| V. | * * |
| | *    2:05-CV-627-F |
| | * |
| JAMES STEPHENS, ET AL., | * * |
| Defendants. | * |

**SPECIAL REPORT OF THE MEDICAL DEFENDANTS**

COME NOW Prison Health Services, Inc. ("PHS"), Anne Groom, R.N., Katherine Taylor, L.P.N. and Tahir Siddiq, M.D. (hereinafter jointly referred to as "the Medical Defendants") and respond to this Court's Order of August 25, 2005, and present the following Special Report with regard to this matter:

## I. INTRODUCTION

The Plaintiff, Antonio Rodregis Duff (AIS# 186551), is an inmate who was confined at Bullock County Correctional Facility located in Union Springs, Alabama, at all pertinent times to this lawsuit. On July 5, 2005, Duff filed a Complaint against PHS, Dr. Siddiq, Nurse Groom and Nurse Taylor alleging that they have denied him appropriate medical treatment. (See Complaint). Specifically, Plaintiff Duff contends that he has not received appropriate care for stomach pain and constipation and that Nurse Groom and Nurse Taylor have failed to provide him with indicated medication. (Id.) Mr. Duff has also filed claims against Alabama Department of Corrections Officers

Foster and Ruffin alleging that they refused to notify the medical staff about increment vomiting and stomach pain. (Id.)

As directed, the Medical Defendants have undertaken a review of Plaintiff Duff's claims to determine the facts and circumstances relevant thereto. At this time, the Medical Defendants are submitting this Special Report, which is supported by a Certified Copy of Plaintiff Duff's medical records (attached hereto as Exhibit "A"); the Affidavit of Tahir Siddiq, M.D. (attached hereto as Exhibit "B"), the Affidavit of Katherine Taylor, L.P.N. (attached hereto as Exhibit "C") and the Affidavit of Anne Groom, R.N. (attached hereto as Exhibit "D"). These evidentiary materials demonstrate that Plaintiff Duff has been provided appropriate medical treatment at all times, and that the allegations in his Complaint are without merit.

## II. NARRATIVE SUMMARY OF FACTS

Antonio Rodregis Duff (AIS# 186551) is an inmate who was incarcerated at Bullock County Correctional Facility at all pertinent times to this lawsuit. (See Exhibits "A" through "D"). Mr. Duff has been seen and evaluated by the medical and nursing staff, and has been referred to an appropriate care provider and given appropriate care, each time he registered any health complaints at Bullock. (Id.)

Mr. Duff has a history which is significant for mild acid reflux and constipation. (See Exhibit "B"). Mr. Duff's constipation is caused by his voluntary refusal to use the public restrooms at Bullock. (Id.) Mr. Duff has been afforded a multitude of tests and evaluations, however, in order to ensure that his conditions have been appropriately treated. (Id.)

2

On September 14, 2004, Duff was afforded a barium enema by John T. Tomberlin, M.D. which returned normal. (Id.) On September 20, 2004 Mr. Duff was afforded a series of x-rays by Radiologist Thomas J. Payne, III, M.D. which returned negative for abnormality. (Id.) Mr. Duff was also afforded a CT scan which showed that his liver, pancreases, kidneys and spleen were normal. (Id.)

On November 4, 2004, Duff was referred to Gastroenterologist Joseph W. Jackson, M.D. for specialty care. (Id.) Duff was afforded an esophagogastroduodenoscopy which showed that he has a healthy and unremarkable esophagus with the exception of evidence of mild acid reflux. (Id.) Mr. Duff's stomach was found to be free of ulcers and his duodenum was unremarkable as well. (Id.)

Mr. Duff has been afforded multiple blood tests which show that his liver enzymes are within normal limits. (Id.) Mr. Duff has further been afforded a CEA test, which shows that he is currently not at risk for colon cancer. (Id.) In order to treat Mr. Duff's constipation and reflux, Mr. Duff has been prescribed Zantac, Prilosec, Metamucil, Colace and Dulcolax. (Id.) For Duff's intermittent pain he has been prescribed Tylenol. (Id.)

This inmate also claims that Nurse Taylor and Nurse Groom failed to afford him medication that was indicated for him on June 1, 2005. (See Complaint). However, while neither Nurse Groom nor Nurse Taylor has any memory of such an event, they have certainly never failed to give Duff medication that was indicated for him. (See Exhibits "C" & "D"). If medication was indicated for Mr. Duff on June 1, 2005 it would have been given to him pursuant to Dr. Siddiq's orders. (Id.)

All of Duff's medical conditions and complaints have been evaluated and treated in a timely and appropriate fashion at Bullock County Correctional Facility. (See Exhibits "A" through "D"). At all times, Dr. Siddiq, Nurse Groom, Nurse Taylor and the other healthcare providers at Bullock have exercised the same degree of care, skill and diligence as other similarly situated health care providers would have exercised under the same or similar circumstances. (Id.) In other words, the appropriate standard of care has been adhered to at all times in providing medical care, evaluation and treatment to this inmate. (Id.) At no time has Dr. Siddiq, Nurse Groom, Nurse Taylor or any of the medical or nursing staff at Bullock County Correctional Facility denied Duff any needed medical treatment, nor have they ever acted with deliberate indifference to any serious medical need of Duff. (Id.) Mr. Duff has been provided medication at all times it has been indicated for him. (Id.) The Plaintiff's known medical complaints and conditions have been addressed as promptly as possible under the circumstances. (Id.)

### III. DEFENSES

The Medical Defendants assert the following defenses to the Plaintiff's claims:

1. The Medical Defendants deny each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

2. The Medical Defendants plead not guilty to the charges in the Plaintiff's Complaint.

3. The Plaintiff's Complaint fails to state a claim against the Medical Defendants for which relief can be granted.

4. The Medical Defendants affirmatively deny any and all alleged claims by the Plaintiff.

4

5.     The Plaintiff is not entitled to any relief requested in the Complaint.

6.     The Medical Defendants plead the defense of qualified immunity and aver that the actions taken by them were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

7.     The Medical Defendants are entitled to qualified immunity and it is clear from the face of the Complaint that the Plaintiff has not alleged specific facts indicating that the Medical Defendants have violated any clearly established constitutional right.

8.     The Medical Defendants cannot be held liable on the basis of *respondeat superior*, agency, or vicarious liability theories.

9.     The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

10.    The allegations contained in the Plaintiff's Complaint against the Medical Defendants, sued in their individual capacities, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. Of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

11.    The Medical Defendants plead all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

12.    The Medical Defendants aver that they were at all times acting under color of state law and, therefore, they are entitled to substantive immunity under the law of the State of Alabama.

13.    The Medical Defendants plead the general issue.

14.     This Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against the Medical Defendants would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

15.     The Plaintiff's claims against the Medical Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution.

16.     Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

17.     The Medical Defendants plead the defense that at all times in treating Plaintiff they exercised the same degree of care, skill, and diligence as other health care providers would have exercised under similar circumstances, and that at no time did they act towards the Plaintiff with deliberate indifference to any serious medical need.

18.     The Medical Defendants plead the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render them liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

19.     The Medical Defendants plead the affirmative defenses of contributory negligence and assumption of the risk.

20.     The Medical Defendants plead the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

21.     The Medical Defendants plead the affirmative defense that they are not responsible for the policies and procedures of the Alabama Department of Corrections.

22. The Medical Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

23. The Medical Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against them and that any such award would violate the United States Constitution.

24. The Medical Defendants adopt and assert all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

25. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). The Plaintiff has failed to pursue the administrative remedies available to him. See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning defendants' deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

26. The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from the Medical Defendants who are entitled to immunity.

27. The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e).

28. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing *in forma pauperis* actions in federal court.

29.   Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the Medical Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

30.   The Medical Defendants assert that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and request this Court pursuant to 42 U.S.C. § 1988 to award the Medical Defendants reasonable attorney's fees and costs incurred in the defense of this case.

## IV. ARGUMENT

In an effort to defeat baseless claims at the earliest possible opportunity, our Circuit requires that a Plaintiff in a civil rights action allege with necessary specificity facts which demonstrate a claim. GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1367 (11th Cir. 1998). This requirement is in place so that a Defendant can file an appropriate responsive pleading. Anderson v. District Bd. of Trustees of Cent. Florida Community College, 777 F.3d 364, 366 (11th Cir. 1996). Duff does not meet this heightened pleading responsibility, and for that reason his Complaint is subject to dismissal.

In order to state a cognizable claim under the Eighth Amendment, Duff must allege acts or omissions sufficiently harmful to evidence deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 49 L. Ed. 2d 859 (1976); McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999); Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176 (11th Cir. 1994); Palermo v. Correctional Medical Services, 133 F.

8

Supp. 2d 1348 (S.D. Fla. 2001). In order to prevail, Duff must allege and prove that he suffered from a serious medical need, that the Medical Defendants were deliberately indifferent to his needs, and that he suffered harm due to deliberate indifference. See Marsh v. Butler County, Alabama, 225 F. 3d 1243, 1255 (11th Cir. 2000) and Palermo, supra.

Not every claim by a prisoner that medical treatment has been inadequate states an Eighth Amendment violation. Alleged negligent conduct with regard to inmates' serious medical conditions does not rise to the level of a constitutional violation. Further, neither an alleged inadvertent failure to provide adequate medical care nor a physician's alleged negligence in diagnosing or treating a medical condition states a valid claim of medical mistreatment under the Eighth Amendment. Alleged medical malpractice does not become a constitutional violation merely because the alleged victim is in prison. See Estelle, supra, McElligott, supra, Hill, supra and Palermo, supra. Further, a mere difference of opinion between an inmate and a health care provider as to treatment and diagnosis cannot give rise to a cause of action under the Eighth Amendment. Estelle, supra, 429 U.S. at 106-108. The Medical Defendants may only be liable if they had knowledge of Duff's medical condition and acted intentionally or recklessly to deny or delay access to his care, or to interfere with treatment once prescribed. Estelle, supra, 429 U.S. at 104-105 and Hill, supra, 40 F. 3d at 1191.

Obviously, Plaintiff Duff cannot carry his burden. The evidence submitted with this Special Report clearly shows that the Medical Defendants did not act intentionally or recklessly to deny or delay medical care, or to interfere with any treatment which was prescribed or directed. (See Exhibits "A" & "B"). To the contrary, the evidence

demonstrates that Duff's claims are without merit, that his medical conditions were at all times adequately and timely addressed, and that he was neither denied any necessary medical treatment, nor harmed by any treatment provided by the Medical Defendants. (Id.) Appropriate standards of care were followed at all times. (Id.) The evidence, in other words, shows without dispute that all of Plaintiff Duff's medical conditions were thoroughly evaluated, treated, and monitored in a timely and appropriate manner. (Id.) These facts clearly disprove any claim that the Medical Defendants acted intentionally or recklessly to deny treatment or care.

To the extent that the Plaintiff seeks to hold the Medical Defendants liable for alleged acts or omissions of other persons or entities (including the Alabama Department of Corrections or any of its employees), such efforts must necessarily fail because there is no liability for violations of § 1983 under a theory of *respondeat superior*. See Monell v. Dept. of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Greason v. Kemp, 891 F.2d 829, 836 (11th Cir. 1990). For this reason, the Medical Defendants, like a government entity, can be liable under Section 1983 only if the Plaintiff can prove that the Medical Defendants caused a violation of his constitutional rights through its adoption of an official policy, practice, or custom. See Buckner v. Toro, 116 F.3d 450, 452-53 (11th Cir. 1997); Ort v. Pinchback, 786 F.2d 1105, 1107 (11th Cir. 1986). Just as there is no showing of any direct violation of Plaintiff's constitutional rights by the Medical Defendants, there are no allegations – much less any evidentiary showing – that any of the Medical Defendants have violated Plaintiff's constitutional rights through any official policy, practice, or custom.

Even further, the Medical Defendants are entitled to qualified immunity from all claims asserted by Duff in this action. There is no argument that any of the Medical Defendants were not acting within the scope of their discretionary authority. See Eubanks v. Gerwen, 40 F.3d 1157, 1160 (11th Cir. 1994); see also Jordan v. Doe, 38 F.3d 1559, 1566 (11th Cir. 1994). Because the Medical Defendants have demonstrated that they were acting within the scope of their discretionary authority, the burden shifts to Duff to show that the Medical Defendants violated clearly established law based upon objective standards. Eubanks, supra, 40 F.3d at 1160. The Eleventh Circuit requires that before the Medical Defendants' actions can be said to have violated clearly established constitutional rights, Duff must show that the right allegedly violated was clearly established in a fact-specific, particularized sense. Edwards v. Gilbert, 867 F.2d 1271, 1273 (11th Cir. 1989), aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F.3d 1431 (11th Cir. 1989).

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. Vonstein v. Brescher, 904 F.2d 572, 579 (11th Cir. 1990) (quoting Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039 (1987)). As stated by the Eleventh Circuit in Lassiter v. Alabama A & M University, 28 F.3d 1146, 1150 (11th Cir. 1994).

> In considering whether the law applicable to certain facts is clearly established, the facts of the case relied upon as precedent are important. The facts may not be the same as the facts of immediate case. But they do need to be materially

> similar. Public officials are not obligated to be creative or imaginative in drawing analogies from previously decided cases.

Lassiter, 28 F.3d at 1150 (citations omitted; emphasis in original)

Therefore, to defeat summary judgment, Duff must be able to point to cases with "materially similar" facts within the Eleventh Circuit. Hasoon v. Soldenwagner, 19 F.3d 1573, 1578 n. 6 (11th Cir. 1994). In order for qualified immunity to be defeated, preexisting law must "dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." Lassiter, 28 F.3d at 1151. The Medical Defendants submit that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or District Courts sitting within the Eleventh Circuit showing that, under the facts of this case, it was clearly established that these alleged actions violated Duff's constitutional rights. All Duff's medical needs have been addressed or treated. (See Exhibits "A" & "B"). The Medical Defendants have treated Duff's conditions, prescribed and given needed medications, managed and treated his problems, and provided him access to nurses and physicians and appropriate medical care at all times. (Id.) The undisputed evidence shows that the Medical Defendants have provided appropriate medical care to the Plaintiff at all times. (Id.)

Pursuant to the Court's August 25, 2005 Order, the Medical Defendants request that this Special Report be treated and denominated as a Motion to Dismiss and/or a Motion for Summary Judgment. The Medical Defendants have demonstrated both through substantial evidence and appropriate precedent that there is not any genuine issue of material fact relating to a constitutional violation and that they are, therefore, entitled

to a judgment in their favor as a matter of law. The Plaintiff's submissions clearly fail to meet his required burden.

## V. <u>CONCLUSION</u>

The Plaintiff's Complaint is due to be dismissed on its face, and is, further, disproven by the evidence now before the Court. Accordingly, the Medical Defendants request that this Honorable Court either dismiss the Plaintiff's Complaint, with prejudice, or enter a judgment in their favor.

Respectfully submitted,

s/L. Peyton Chapman, III
Alabama State Bar Number CHA060
s/R. Brett Garrett
Alabama State Bar Number GAR085
Attorneys for the Medical Defendants
RUSHTON, STAKELY,
JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270

Telephone: (334) 834-8480
Fax: (334) 262-6277
E-mail: lpc@rsjg.com

## CERTIFICATE OF SERVICE

I do hereby certify that on the 13th day of September, 2005, I mailed via U.S. mail, properly addressed and first-class postage prepaid the foregoing document to the following:

Antonio Rodregis Duff AIS #186551
William E. Donaldson Correctional Facility
100 Warrior Lane
Bessemer, AL 35023

s/R. Brett Garrett
Alabama State Bar Number GAR085