IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTONIO RODREGIS DUFF (AIS# 186551), | * |
| | * |
| Plaintiff, | * |
| V. | * |
| | *   2:05-CV-627-F |
| JAMES STEPHENS, ET AL., | * |
| Defendants | * |

## ANSWER OF THE MEDICAL DEFENDANTS

COME NOW Prison Health Services, Inc. ("PHS"), Anne Groom, R.N., Katherine Taylor, L.P.N. and Tahir Siddiq, M.D. (hereinafter jointly referred to as "the Medical Defendants") for Answer to the Plaintiff's Complaint herein, and say as follows:

1. The Medical Defendants deny each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

2. The Medical Defendants plead not guilty to the charges in the Plaintiff's Complaint.

3. The Plaintiff's Complaint fails to state a claim against the Medical Defendants for which relief can be granted.

4. The Medical Defendants affirmatively deny any and all alleged claims by the Plaintiff.

5. The Plaintiff is not entitled to any relief requested in the Complaint.

6. The Medical Defendants plead the defense of qualified immunity and aver that the actions taken by them were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

7. The Medical Defendants are entitled to qualified immunity and it is clear from the face of the Complaint that the Plaintiff has not alleged specific facts indicating that the Medical Defendants have violated any clearly established constitutional right.

8. The Medical Defendants cannot be held liable on the basis of *respondeat superior*, agency, or vicarious liability theories.

9. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

10. The allegations contained in the Plaintiff's Complaint against the Medical Defendants, sued in their individual capacities, fail to comply with the heightened specificity requirement of Rule 8 in § 1983 cases against persons sued in their individual capacities. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992); Arnold v. Board of Educ. Of Escambia County, 880 F.2d 305, 309 (11th Cir. 1989).

11. The Medical Defendants plead all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

12. The Medical Defendants aver that they were at all times acting under color of state law and, therefore, they are entitled to substantive immunity under the law of the State of Alabama.

13. The Medical Defendants plead the general issue.

14. This Court lacks subject matter jurisdiction due to the fact that even if Plaintiff's allegations should be proven, the allegations against the Medical Defendants

would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

15. The Plaintiff's claims against the Medical Defendants in their official capacities are barred by the Eleventh Amendment to the United States Constitution

16. Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

17. The Medical Defendants plead the defense that at all times in treating Plaintiff they exercised the same degree of care, skill, and diligence as other health care providers would have exercised under similar circumstances, and that at no time did they act towards the Plaintiff with deliberate indifference to any serious medical need

18. The Medical Defendants plead the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render them liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

19. The Medical Defendants plead the affirmative defenses of contributory negligence and assumption of the risk.

20. The Medical Defendants plead the affirmative defense that Plaintiff's damages, if any, were the result of an independent, efficient, and/or intervening cause.

21. The Medical Defendants plead the affirmative defense that they are not responsible for the policies and procedures of the Alabama Department of Corrections.

22. The Medical Defendants plead the affirmative defense that the Plaintiff has failed to mitigate his own damages.

23. The Medical Defendants plead the affirmative defense that they are not guilty of any conduct which would justify the imposition of punitive damages against them and that any such award would violate the United States Constitution.

24. The Medical Defendants adopt and assert all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

25. The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). The Plaintiff has failed to pursue the administrative remedies available to him. See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D.N.Y. 1999) (claims concerning defendants' deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

26. The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from the Medical Defendants who are entitled to immunity.

27. The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e).

28. The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing *in forma pauperis* actions in federal court.

29. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

4

money damages from the Medical Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

30. The Medical Defendants assert that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and request this Court pursuant to 42 U.S.C. § 1988 to award the Medical Defendants reasonable attorney's fees and costs incurred in the defense of this case.

          Respectfully submitted,

          s/L. Peyton Chapman, III
          Alabama State Bar Number CHA060
          s/R. Brett Garrett
          Alabama State Bar Number GAR085
          Attorneys for Defendants, Prison
          Health Services, Inc., Tahir Siddiq,
          M.D., Anne Groom, R.N., and
          Katherine Taylor, L.P.N.

          RUSHTON, STAKELY,
          JOHNSTON & GARRETT, P.A.
          Post Office Box 270
          Montgomery, Alabama 36101-0270

          Telephone: (334) 834-8480
          Fax: (334) 262-6277
          E-mail: lpc@rsjg.com

## CERTIFICATE OF SERVICE

I do hereby certify that on the 13th day of September, 2005, I mailed via U.S. mail, properly addressed and first-class postage prepaid the foregoing document to the following:

    Antonio Rodregis Duff AIS #186551
    William E. Donaldson Correctional Facility
    100 Warrior Lane
    Bessemer, AL 35023

                                      s/R. Brett Garrett
                                      Alabama State Bar Number GAR085