IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTONIO RODREGIS DUFF, )<br>#186551                                        )<br>      Plaintiff,           )<br>                                                  )<br>v.                                              )     CIVIL ACTION NO. 2:05-CV-627-F<br>                                                  )<br>PRISON HEALTH SERVICES, *et al.*,  )<br>                                                  )<br>      Defendants.      ) | |

## SPECIAL REPORT

COME NOW the defendants, **Bullock County Correctional Facility, Mose Foster, and Harvey Ruffin**, by and through Troy King, Attorney General for the State of Alabama, and in accordance with this Honorable Court's Order of July 20, 2005, do hereby submit the following Special Report.

## PARTIES

1. The plaintiff, Antonio Rodregis Duff, is an Alabama Department of Corrections ("ADOC") inmate, who is incarcerated in the Donaldson Correctional Facility in Bessemer, Alabama.

2. Plaintiff has named the following ADOC defendants:

   a. Harvey Ruffin, who is employed by ADOC as a Correctional Officer I at the Bullock County Correctional Facility.

   b. Mose Foster, who is employed by ADOC as a Correctional Officer I at the Bullock County Correctional Facility.

   c. Bullock County Correctional Facility is a Correctional Facility owned and operated by ADOC.

## DEFENDANTS' EXHIBITS

In accordance with this Court's Order, the defendants submit the following exhibits:

1. Exhibit A – Affidavit of Harvey Ruffin.
2. Exhibit B – Affidavit of Mose Foster.

## PLAINTIFF'S ALLEGATIONS

The plaintiff alleges that on June 1, 2005 and June 2, 2005, Officers Mose Foster and Harvey Ruffin refused to notify the medical staff about his vomiting and having severe stomach pain and constipation after he complained to them throughout their shift on both dates. The plaintiff also states, "[a]lso since being placed in segregation. Since they are the segregation officers." (Complaint pg. 3).

## DAMAGES/RELIEF DEMANDED

The plaintiff has demanded proper medical care and attention while incarcerated, transfer to a facility with the appropriate medical staff and punitive damages.

## DEFENDANTS' RESPONSE

Defendants respond to the plaintiff's complaint as follows:

1. Defendants deny all allegations not expressly admitted herein.
2. Defendants assert that the plaintiff's claims are frivolous.
3. Defendants assert the plaintiff has failed to state a claim upon which relief can be granted.

4. Defendants assert that the plaintiff has failed to show there is any genuine issue of the material facts of this case and the defendants are entitled to judgment as a matter of law.

5. Defendants have not violated any of the plaintiff's constitutional rights.

6. Defendants plead the affirmative defenses of absolute and qualified immunity.

## ARGUMENT

The plaintiff claims deliberate indifference to an inmate's serious medical needs that would violate the Eighth Amendment's prohibition against cruel and unusual punishment. The plaintiff's claim of deliberate indifference, which would violate the Eighth Amendment's prohibition against cruel and unusual punishment, is invalid because it does not rise to the standard stated in *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d. 251 (1976). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle,* 429 U.S. at 106. The standard for a claim of deliberate indifference is: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *McElligott v. Foley*, 182 F. 3d 1248, 1255 (11th Cir. 1999). "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle,* 429 U.S. at 106. The Supreme Court has also held that

> A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of

3

> confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference .... The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments."

*Farmer v. Brennan*, 511 U.S. 825, 837-88 (1994), quoted in *Campbell v. Sikes*, 169 F. 3d 1353, 1363 (11th Cir. 1999). There is no evidence to indicate that these defendants were deliberately indifferent to the plaintiff's serious medical needs. (Exhibits A and B). There was no subjective knowledge of any medical condition. (Exhibits A and B). There was no disregard for any risk and there was no negligent conduct. (Exhibits A and B). These defendants did not fail to notify the medical staff of anything. (Exhibits and B).

In addition, the complaint lists "Bullock County Correctional Facility" as a defendant. A building cannot be made a party to a lawsuit and cannot provide relief of any kind. Therefore, Bullock County Correctional Facility should be dismissed as a defendant.

The defendants are entitled to judgment from the plaintiff's claims based on qualified immunity, which "protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting *Lassiter v. Alabama A&M Univ., Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994). The defendants did not fail to report any medical needs. (Exhibits A and B). The plaintiff has failed to cite a case that puts the defendants on notice that their actions violated clearly established law, so the defendants are entitled to qualified immunity.

To the extent that the plaintiff asserts his claims against the defendants in their official capacity, the claims must fail because the defendants are entitled to immunity via the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizens. See *Edelman v. Jordan*, 415 U.S. at 663, 94 S. Ct at 1347 and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The defendants were acting within the scope of their official duties in this instance on behalf of the State of Alabama. The State of Alabama has not waived its immunity or consented to the filing of such a suit. The defendants are absolutely immune from suit in this instance. U.S. Const. amend. 11; Art. I, § 14, ALA. Const. (The State of Alabama shall never be made a defendant in any court of law or equity); see also *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (a claim against a state official in his official capacity is a claim against the state).

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986). This case is ripe for summary judgment because there is no genuine issue of fact as to the plaintiff's claims and the defendants are entitled to judgment as a matter of law.

## CONCLUSION

Based on the foregoing, the defendants respectfully request that this Honorable Court enter a summary judgment in their favor.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL


/s/ MATTHEW Y. BEAM
MATTHEW Y. BEAM (BEA065)
ASSISTANT ATTORNEY GENERAL

**ADDRESS OF COUNSEL**

Office of the Attorney General
General Civil Litigation
11 South Union Street
Montgomery, Alabama 36130
(334) 242-7340
fax (334) 242-2433

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September, 2005, I have served a copy of the foregoing on the plaintiff by placing same in the United States mail, postage prepaid and addressed as follows:

Mr. Antonio Rodregis Duff
Donaldson Correctional Facility
100 Warrior Lane
Bessemer, AL 35023

/s/ MATTHEW Y. BEAM
MATTHEW Y. BEAM (BEA065)
ASSISTANT ATTORNEY GENERAL